18-3074-cr(L)
*United States v. Stillwell, Samia, Hunter*

# In the
# United States Court of Appeals
## for the Second Circuit

August Term 2019

Nos. 18-3074-cr, 18-3489-cr, 19-790-cr

United States of America,
*Appellee,*

v.

Carl David Stillwell, aka David Stillwell, Adam Samia, aka Sal, aka Adam Samic, and Joseph Manuel Hunter, aka Sealed Defendant 1, aka Frank Robinson, aka Jim Riker, aka Rambo, aka Joseph Hunter,

*Defendants-Appellants,*

Michael Filter, AKA Sealed Defendant 2, AKA Paul, Timothy Vamvakias, AKA Sealed Defendant 3, AKA Tay, Dennis Gogel, Aka Sealed Defendant 4, AKA Dennis Goegel, AKA Nico, Slawomir Soborski, AKA Sealed Defendant 5, AKA Gerald,

*Defendants.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: OCTOBER 30, 2019
DECIDED: JANUARY 27, 2021

---

Before: CABRANES, RAGGI, *Circuit Judges*, and KORMAN, *District Judge*.[1]

---

Defendants-Appellants Carl David Stillwell, Adam Samia, and Joseph Manuel Hunter (together, "Defendants") appeal their judgments of conviction for murder-for-hire and related crimes, entered in the Southern District of New York (Ronnie Abrams, *Judge*). Long after Defendants filed their appeals, the Narcotic and Dangerous Drug Section ("NDDS") of the U.S. Department of Justice filed a notice in this Court, advising us that the District Court had entered a sealed protective order upon the filing of an *ex parte* motion by the NDDS, which barred prosecutors in the U.S. Attorney's Office for the Southern District of New York and defense counsel from reviewing certain documents. We later vacated the protective order and ordered disclosure of the material to the U.S. Attorney for the Southern District of New York and then to defense counsel, consistent with the prosecution's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and related authorities. With that disclosure and supplemental briefing now concluded, Defendants have raised a new claim that the prosecution withheld exculpatory

---

[1] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

information in violation of the rule of *Brady v. Maryland*, 373 U.S. 83 (1963). We decline to consider, let alone resolve, Defendants' *Brady* claims, which are raised for the first time on appeal. We **REMAND** for the District Court to consider those claims in the first instance on an appropriate post-trial motion by Defendants.

---

EMIL J. BOVE III (Rebekah Donaleski and Sarah K. Eddy, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

ROBERT W. RAY (Brittney M. Edwards *on the brief*), Thompson & Knight LLP, New York, NY, *for Defendant-Appellant Stillwell*.

MASHA G. HANSFORD (Kannon K. Shanmugam *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC, *for Defendant-Appellant Samia*.

ROBERT J. BOYLE, Robert J. Boyle Attorney at Law, New York, NY, *for Defendant-Appellant Hunter*.

---

3

JOSÉ A. CABRANES, *Circuit Judge*:

Defendants-Appellants Carl David Stillwell, Adam Samia, and Joseph Manuel Hunter (together, "Defendants") appeal their judgments of conviction for murder-for-hire and related crimes, entered in the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*) on October 12, 2018 (Stillwell), November 14, 2018 (Samia), and March 25, 2019 (Hunter).

After the first of the three appeals was filed, the Narcotic and Dangerous Drug Section ("NDDS") of the U.S. Department of Justice ("DOJ") filed a notice in this Court in October 2018, advising the Clerk of Court that the District Court had entered a sealed protective order upon an *ex parte* motion by the NDDS, which barred prosecutors in the U.S. Attorney's Office for the Southern District of New York and defense counsel from reviewing certain documents.[2]

The NDDS's rather extraordinary notice to this Court—considered by the panel after oral arguments for Samia's and Stillwell's appeals took place—initiated a series of events that culminated in our ordering disclosure of the materials, first to the U.S. Attorney for Southern District of New York and then to defense counsel, consistent with the prosecution's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and related authorities. We further set forth a schedule for disclosure of the materials and supplemental briefing, which has been

---

[2] Stillwell filed his appeal on October 18, 2018. Samia's appeal was filed on November 20, 2018 and Hunter's appeal was filed on March 28, 2019.

4

subject to delays due to circumstances created by the COVID-19 pandemic.[3]

With supplemental briefing and disclosure now complete, Defendants challenge their convictions by claiming that the prosecution withheld exculpatory information in violation of the rule of *Brady*. We decline to consider, let alone resolve, Defendants' *Brady* claims at this time. We **REMAND** for the District Court to consider those claims in the first instance on an appropriate post-trial motion by Defendants.

## I. BACKGROUND

Defendants-Appellants Carl David Stillwell, Adam Samia, and Joseph Manuel Hunter (together, "Defendants") were tried on five Counts[4] in the United States District Court for the Southern District of New York. Count One charged conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a). Count Two charged murder-for-hire, in violation of 18 U.S.C. § 1958(a). Count Three charged conspiracy to murder and kidnap in a foreign country, in violation of

---

[3] This Court's actions pertained only to the protective order entered in this case. Nevertheless, to the extent the NDDS or similar entities may have obtained similar *ex parte* sealed protective orders against all parties in other criminal cases in this Circuit, district courts may wish to consider whether such orders should be maintained in light of this decision. In order to permit effective review, any decision to enter or maintain such an *ex parte* sealed protective order against all parties should be supported by a clear statement of reasons, including specific reasons why disclosure cannot be permitted even as to the pertinent U.S. Attorney in the first instance.

[4] Hunter was not charged with Count Five.

18 U.S.C. § 956(a). Count Four charged causing death with a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(j). Count Five charged conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).

The jury returned verdicts of guilty on all counts for Defendants on April 18, 2018. Hunter filed post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33,[5] Stillwell filed a post-trial motion pursuant to Rule 29,[6] and Samia apparently joined these motions,[7] which were denied by the District Court. All three Defendants were sentenced principally to life imprisonment, and judgments entered on October 12, 2018 (Stillwell), November 14, 2018 (Samia), and March 25, 2019 (Hunter). These timely appeals followed.

We held oral argument on Samia's and Stillwell's appeals on October 30, 2019.[8] At about this time, we learned that the NDDS of the DOJ had filed a notice with this Court in October 2018, advising the Clerk of Court that the District Court had entered a protective order in the case barring prosecutors in the U.S. Attorney's Office for the Southern District of New York and defense counsel from reviewing

---

[5] *USA v. Hunter et al.*, No. 13-cr-521-RA-1, ECF. 602 (S.D.N.Y., June 6, 2018).

[6] *Hunter et al.*, No. 13-cr-521-RA-7, ECF. 601 (S.D.N.Y., June 6, 2018).

[7] *Hunter et al.*, No. 13-cr-521-RA-6, ECF. 625 (S.D.N.Y., August 14, 2018) (noting, in reference to the post-trial motion filed by Stillwell, that "the Court understands [Samia] has joined his co-defendants' motions").

[8] We did not hear oral argument in Hunter's appeal at that time because (1) the primary briefing was still underway and (2) it was not yet consolidated with the appeals of Stillwell and Samia.

6

certain documents. The District Court had granted the sealed protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3 §§ 1 *et seq*. and Federal Rule of Criminal Procedure 16(d), upon the filing of an *ex parte* motion by an NDDS attorney, with no notice to counsel of record for either the prosecution or the defense. Transmitted with the notice were the motion and memorandum of law, the exhibits that supported the motion, and the protective order.

On November 19, 2019, we issued a sealed Order to Show Cause to the NDDS to demonstrate why the motion and memorandum of law, the exhibits that supported the motion, and the protective order should not be disclosed to the U.S. Attorney for the Southern District of New York for his review.

On December 8, 2019, the NDDS responded to the Order to Show Cause in a sealed memorandum of law in support of the protective order, requesting that this Court refrain from disclosing the materials to the U.S. Attorney for the Southern District of New York.

On January 2, 2020, this Court vacated the District Court's protective order. We simultaneously issued a sealed Order directing disclosure of the documents at issue to the U.S. Attorney for the Southern District of New York and requiring him to Show Cause why, pursuant to the Government's disclosure obligations, the defense counsel should not be made aware of the sealed proceedings or the material subject to the protective order.

Case 1:13-cr-00521-RA Document 276-2 0750-1 Filed 02/03/21 Page 7 of 13

On January 24, 2020, the U.S. Attorney for the Southern District of New York responded with a sealed memorandum of law in which he claimed, for several reasons, that the protected material and the sealed proceedings should not be disclosed to defense counsel.

On March 10, 2020, this Court issued an Order directing the U.S. Attorney of the Southern District of New York to disclose any material subject to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, *Brady*, and *Giglio* to defense counsel.[9] We subsequently set forth a schedule for supplemental briefing and disclosure of the pertinent classified materials, which was substantially delayed due to the circumstances created by the COVID-19 pandemic.

The supplemental briefing and disclosure were completed by December 2020.[10] In light of the materials disclosed pursuant to our March 10, 2020 Order, Defendants now raise an additional challenge to their convictions: that the prosecution withheld exculpatory information in violation of the rule of *Brady*.[11]

---

[9] Our March 10, 2020 Order provided that such a disclosure could be in an unclassified format through a so-called "substitution" pursuant to CIPA Section 6. *See* 18 U.S.C. app. 3 § 6.

[10] As of November 19, 2020, the primary briefing for Hunter's appeal was also completed.

[11] Although each member of the panel has had the opportunity to review the parties' submissions, we find it unnecessary to rely on anything beyond the public record to reach our decision in this opinion.

## II. DISCUSSION

It is well established that the prosecution has an obligation under the Due Process Clause to disclose to the defendant material exculpatory and impeaching evidence.[12] To establish a *Brady* violation, "a defendant must show that: (1) the [prosecution], either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice."[13] The suppression of exculpatory or impeaching evidence does not constitute a constitutional violation unless the evidence is "material."[14] Undisclosed evidence is "material" only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[15] And the "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case[.]"[16]

---

[12] *See generally Brady*, 373 U.S. 83; *Giglio*, 405 U.S. 150; *see also United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) (explaining that the prosecution "has an affirmative duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense").

[13] *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001).

[14] *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

[15] *Payne*, 63 F.3d at 1209 (internal quotation marks omitted).

[16] *Kyles*, 514 U.S. at 437; *but see United States v. Locascio*, 6 F.3d 924, 949 (2d Cir. 1993) (holding that "[w]e will not infer the prosecutors' knowledge simply because some other government agents knew about the report."); *United States v. Quinn*, 445 F.2d 940, 944 (2d Cir. 1971) (holding that knowledge on the part of one arm of government does not imply knowledge by the prosecutor).

It is also a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.[17] This rule is not an absolute bar to raising new issues on appeal; the general rule is disregarded when we think it necessary to remedy an obvious injustice.[18] Ultimately, "[e]ntertaining issues raised for the first time on appeal is discretionary with the panel hearing the appeal."[19]

After due consideration, we find that we must refrain from resolving Defendants' *Brady* claims in the first instance.[20]

First, there is no record below for us to review. No *Brady* claim was presented to the District Court during either the trial or the post-trial proceedings. But we note that, in these circumstances, the Defendants could not have done so. The NDDS first filed its notice in

---

[17] *See generally United States v. Keshner*, 794 F.3d 232, 234 (2d Cir. 2015) (quoting *Greene v. United States*, 13 F.3d 577, 585–86 (2d Cir. 1994)); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

[18] *See T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 168 (2d Cir. 2014) (quoting *Greene*, 13 F.3d at 585–86); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990).

[19] *Greene*, 13 F.3d at 586.

[20] We observe that a panel of this Court has assumed, citing two decisions from our sister Courts of Appeal, that we review an "unpreserved" *Brady* claim for plain error. *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018) (citing *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) and *United States v. Mota*, 685 F.3d 644, 648 (7th Cir. 2012)). However, in *Kirk Tang Yuk*, even though the defendant did not raise a *Brady* claim until direct appeal, the material at issue in the alleged violation was in fact turned over to the defendant prior to trial. *Id*. In the circumstances of this case, where it is undisputed that the information in question was not disclosed until approximately two years after Defendants' trial, we decline to make a similar assumption.

this Court in October 2018 and then, in response to our sealed Order to Show Cause, filed the requested materials under seal. After our examination, we directed that the materials be turned over, first to the U.S. Attorney for the Southern District of New York, and then to defense counsel, consistent with the prosecution's obligations under *Brady* and related authorities. It was only after Defendants were able to review the previously undisclosed material that they were in a position to even determine whether to pursue such a claim.

Furthermore, by issuing the January 2, 2020 Order, we have vacated the only record of the District Court's analysis of the previously undisclosed materials—the sealed protective order entered pursuant to CIPA Section 4 and Federal Rule of Criminal Procedure 16(d).

Second, it appears to us from the record that the period of time in which Defendants may file an appropriate Federal Rule of Criminal Procedure 33 motion is rapidly drawing to a close. Rule 33(b)(1) provides that a defendant may file a motion for a new trial based on newly discovered evidence, but requires that "[a]ny motion for a new trial grounded on newly discovered evidence . . . be filed within 3 years after the verdict or finding of guilty."[21] The jury returned guilty verdicts as to Stillwell, Samia, and Hunter on April 18, 2018.[22] It appears that any Rule 33 motion based on newly discovered evidence

---

[21] Fed. R. Crim. P. 33(b)(1).

[22] *See Hunter et al.*, No. 1:13-cr-521-RA, Dkt. Entry for April 18, 2018 (S.D.N.Y., April 18, 2018).

must, therefore, be filed by or on April 17, 2021—a date that is approximately three months away.

Because of these arguable limitations, we are remanding to the District Court to consider, if not fully determine, the matter.[23] The Defendants' allegations concerning the previously undisclosed material, if true, are relevant to the establishment of cause for a new trial. As such, they should be first presented to the District Court on an appropriate post-trial motion. Of course, our decision in this response is without prejudice to any action which the Defendants may wish to take in the District Court.

If, on remand, Defendants timely file such a motion that presents their *Brady* claims, the District Court should expeditiously

---

[23] *See, e.g., United States v. Dansker*, 537 F.2d 40, 65 (3d Cir. 1976) (after appellants raised, for the first time on direct appeal, claims that the prosecution had withheld exculpatory information in violation of the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), refraining from resolving the *Brady* claims and remitting the defendants to move in the first instance for a new trial before the trial judge); *see also United States v. Ferri*, 778 F.2d 985, 997 (3d Cir. 1985) (citing *Dansker* and doing the same); *cf. United States v. Gupta*, 699 F.3d 682, 686 (2d Cir. 2012) (remanding for supplemental fact finding where the appellant, "while his appeal was pending before this Court," submitted a letter in which he alleged for the first time that the district court had violated his Sixth Amendment right by closing the courtroom during voir dire); *United States v. Seabrook*, 571 F. App'x 27, 28, 29–30 (2d Cir. 2014) (non-published summary order) (where a public trial claim was raised for the first time on appeal and "the limited record before us on the issue is unclear," remand is appropriate "for the district court to supplement the record and determine in the first instance whether [appellant's] Sixth Amendment right to a public trial was violated").

determine whether any evidence favorable to the Defendants was material, suppressed, or both.

If the District Court determines that there was a *Brady* violation, it should proceed to enter an order under Rule 33 granting such relief as might be warranted.

As we decline to pass on this matter currently before us, we express no opinion on the merits of Defendants' *Brady* claims nor the other arguments raised by Defendants on appeal.

### III. CONCLUSION

For the foregoing reasons, we **REMAND** for the District Court to consider the *Brady* claims in the first instance on an appropriate post-trial motion by Defendants and for further proceedings consistent with this decision. The mandate shall issue forthwith, within five days from the publication of this opinion. In the interest of judicial economy, any further appeal in these cases shall be directed to this panel.[24]

---

[24] *Cf. United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).