UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CARL DAVID STILLWELL,

Defendant.

---

No. 13-cr-521 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On March 29, 2025, Defendant Carl David Stillwell submitted a motion for compassionate release, which the Court docketed at number 926. Mr. Stillwell included various medical records as an exhibit to his motion and moved to keep those records under seal. In light of the private medical information contained in these records, the Court concludes that the presumption of public access has been outweighed by Defendant's privacy interests. *See United States v. Suarez*, No. 16-cr-453 (RJS), 2024 WL 2317413, at *1 (S.D.N.Y. May 22, 2024) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048–51 (2d Cir. 1995)).

Accordingly, Mr. Stillwell's motion for sealing is granted, and his medical information will be redacted from his submission, as reflected in the attachment hereto.

SO ORDERED.

Dated:      June 26, 2025
            New York, New York

Ronnie Abrams
United States District Judge

**Clerk of the Court**                                    March 2?, 2025

**Southern District, New York**

**Thurgood Marshall U.S. Courthouse**

**40 Foley Square**

**New York, NY 10007**


      **Re: United States of America v. Carl David Stillwell, Case No:13-cr-521**

          **Filing of Compassionate Release Motion**


**Dear Clerk of the Court:**



This letter is in reference to the above subject matter.

Please find enclosed a motion for Compassionate Release, please file said motion with your office.


Thank you for your assistance in this matter.



**Respectfully submitted,**

**Mr. Carl David Stillwell**

  **Defendant Pro Se**

**Clerk of the Court**                                                  March ___ , 2025

**Southern District, New York**

**Thurgood Marshall U.S. Courthouse**

**40 Foley Square**

**New York, NY 10007**

> **Re: United States of America v. Carl David Stillwell, Case No:13-cr-521**
>
> **Filing of Compassionate Release Motion**

**Dear Clerk of the Court:**

**This letter is in reference to the above subject matter.**

**Please find enclosed a motion for Compassionate Release, please file said motion with your office.**

**Thank you for your assistance in this matter.**

**Respectfully submitted,**

_____

**Mr. Carl David Stillwell**

**Defendant Pro Se**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case No: 13-CR-521 |
| Plaintiff, | § | |
| v. | § | |
| CARL DAVID STILLWELL, | § | (United States District Judge |
| Defendant. | § | Ronnie Abrams) |

## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND OR A REDUCTION IN SENTENCE WITH MEMORANDUM OF LAW IN SUPPORT

COMES NOW. Carl David Stillwell, ("Stillwell"), Pro Se Defendant, in the above-styled cause, files the instant motion for Compassionate Release and or a Reduction in Sentence with Memorandum of Law in Support thereof.

### I.
### Jurisdiction

This Honorable Court has subject matter jurisdiction pursuant to changes made to the law by the First Step Act ("FSA") of 2018, Pub. Law No. 115-391, 132 Stat. 5239(2018), and incorporates changes made by the United States Sentencing Guidelines ("USSG") Amendments of 2023 & 2024, which became effective 11/01/2024.

### II.

## Introduction

Defendant Stillwell moves this Honorable Court, after review, to grant his Motion for Compassionate Release and or a Reduction in his Sentence and states the following in support thereof.

Stillwell would assert his claims for relief based upon the 18 U.S.C. § 3553(a) factors, and all new amendments from any of the United States Sentencing Guidelines (USSG) passed in 2023 & 2024.

## III.

## Case History and Statement of Facts

Defendants-Appellants Carl David Stillwell, Adam Samia, and Joseph Manuel Hunter (together, "Defendants") were tried on five Counts in the United States District Court for the Southern District of New York. Count One charged conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a). Count Two charged murder-for-hire, in violation of 18 U.S.C. § 1958(a). Count Three charged conspiracy to murder and kidnap in a foreign country, in violation of 18 U.S.C. § 956(a). Count Four charged causing death with a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(j). Count Five charged conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).

The jury returned verdicts of guilty on all counts for Defendants on April 18, 2018. Hunter filed post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33.5 Stillwell filed a post-trial motion pursuant to Rule 29.6 and Samia joined these motions,

2

which were denied by the District Court. All three Defendants were sentenced principally to life imprisonment, and judgments entered on October 12, 2018 (Stillwell), November 14, 2018 (Samia), and March 25, 2019 (Hunter). Stillwell timely appealed, and the Second Circuit Court of Appeals reversed and remanded back to the lower court for re-sentencing. Stillwell was re- sentenced, on October 21, 2022, and this Court after reviewing the 3553(a) factors reduced his sentence from Life to 20 years, also stating that, "if anything changes, ( See Sent. Tran. @30-31) ,the Court will review it". Stillwell now brings forth those "changes", and has exhausted his administrative remedy as required by law. This motion is timely and ripe for review.

## IV.

### Legal Standards for Review of Motion for Compassionate Release and or a Sentence Reduction
### First Step Act

A district court lacks inherent authority to modify a defendant's sentence after it has imposed, see 18 U.S.C. § 3582(c), but under § 3582(c)(1)(A), as amended by the FSA of 2018, ("a") court , on a motion by the Bureau of Prisons (BOP)  or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment , probation, or Supervised Release after the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction", see United States  v. Jones, 17 F.th 371 (2nd Cir. 2021), see also, Freeman v. United Staes, 564 U.S. 522,526, 1315 S.Ct. 180(2011).

The FSA modified subsection 3582(c)(1)(A) with the intent of "increasing the use of transparency of Compassionate Release. "Pub. L. No. 115-191, 132 Stat. 5194, 5239(2018).

3

Defendants, as Stillwell are entitled to file a motion for Compassionate Release "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

# Table of Contents

Pg. #

I. Jurisdiction……………………………………………………….. 1.

II. Introduction………………………………………………….. 2.

III. Case History and Statement of Facts …………………………..…….. 2-3.

IV. Legal Standards for Review of Motion for Compassionate Release and
or a Sentence Reduction………………………………………….. 3-4.

V. Exhaustion of Administrative Remedies……………………………… 5.

VI. Disciplinary………………………………………………….. 5-6.

VII. Extraordinary and Compelling Reasons…………………………….6-18.

VIII. 18 U.S.C. Section 3553 (a) Factors…………………………….. 19-25.

IX. Conclusion…………………………………………………… 26.

X. Declaration………………………………………………….... 27.

XI. Certificate of Service …………………………………….…... 28.

XII. Index of Exhibits…………………………………………….. ii.

## V.

## Exhaustion of Administrative Remedies

Before a prisoner can move for Compassionate Release under § 3582(c) (1)(A), "[t}hey must" 'fully exhaust all administrative rights' or…" wait for 30 days after the warden's receipt of (their) request. Mr. Stillwell made a Compassionate Release request on November 4, 2024, to the Warden at FCI Butner, who denied said request on November 6, 2024. See Exhibit A

Therefore, Stillwell has met the Section 3582 (c)(1)(A) (i) exhaustion requirement by the use of the available administrative remedies-See, <u>United States v. Orena,</u> No.21-2747 (2d Cir. 2022). Compassionate release or reduction in sentence is ripe for this Honorable Court's consideration. See Exhibit A.

## VI.

## Disciplinary

Mr. Stillwell has been imprisoned for approximately ten years and has maintained an exemplary disciplinary record throughout his incarceration, with no infractions or violations.
The Second Circuit has acknowledged that a defendant's conduct while incarcerated is a relevant factor in evaluating such motions, and has emphasized post-sentencing conduct, including a spotless disciplinary record, is critical when considering compassionate release. In <u>United States v. Brooker (Zullo),</u>976 F.3d 228 (2d Cir. 2020), (the case held that district courts have broad discretion to determine what constitutes "extraordinary and compelling reasons", noting that evidence of rehabilitation is highly relevant to that inquiry).see also, <u>United States v. McCall,</u> 56 F.4th 1048 (2d Cir. 2023)(en banc)(emphasized that a clean prison record and rehabilitation support compassionate release when sentencing disparities or evolving standards are also considered). Mr Stillwell's conduct reflects exactly the type

5

of rehabilitation that Brooker envisioned as supporting a reduction in sentence. Similarly, the Third Circuit in <u>United States v</u>. <u>Andrews,</u> 12 F.4th 255 (3d Cir. 2021) recognized that while rehabilitation alone may not justify compassionate release. it is an essential factor when combined with other
 considerations. Mr. Stillwell's lack of disciplinary infractions, coupled with his low recidivism and other factors presents a compelling case when considered alongside the evolving understanding of sentencing fairness and rehabilitation.
Given Mr. Stillwell's spotless institutional history, low risk of recidivism, and alignment with congressional intent behind the First Step Act, the Court should find that extraordinary and compelling reasons exist to justify compassionate release. See Exhibit D


### VII.


### Extraordinary and Compelling Circumstances


Defendant Stillwell asserts and argues that he has exhausted administrative remedies for the below claims for Compassionate Release purposes. Additionally, in <u>United States v.</u> <u>Brooker (also known as United States v. Zulio</u>, 976 F.3d 228 (2d Cir. 2020), the Second Circuit clarified that, following the First Step Act, district courts are not bound by the Sentencing Commission's policy statement in U.S.S.G section 1B1.13 when considering compassionate release motions brought by defendants. This expanded the discretion of district courts to determine what constitutes "extraordinary and compelling reasons" for compassionate release, beyond the specific criteria listed in the policy statement.


1)    Defendant's extensive and ongoing rehabilitative efforts.


2)    Defendant's ongoing medical deterioration due to the following.


A)    Lack of needed and prescribed medical care for Defendant's numerous medical claims by the Federal Bureau of Prisons (BOP).


6

**B)** Kidney disease.

**C)** Diabetic retinopathy.

**D)** Aneurysm.

**E)** Multiple bouts of cellulitis due to unsanitary prison conditions

**F)** Neck surgery and rehabilitation from this surgery.

**G)** The cumulative effect of the above medical conditions and BOP's failure to treat these diagnosed medical conditions, as a result the untreated medical conditions are being exacerbated, and his overall health is slowly deteriorating, and the inability to self-care in prison is getting more untreatable by the BOP, and complicated.

3) Defendant is a zero-point offender.

4) Defendant's legal classification as a non-violent First-time offender.

5) Defendant's current age.

6) Defendant's lack of any disciplinary history during his imprisonment.
   A) The "catch-all" provision; and

   B) First Step Act eligibility and low recidivism Pattern scores.

The Defendant will address each claim respectively:

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may be granted compassionate release if "extraordinary and compelling reasons" warrant a sentence reduction. The U.S.

Sentencing Commission's 2023 amendments to U.S.S.G. § 1B1.13 explicitly recognize that a prisoner's serious medical condition, coupled with the Bureau of Prisons' (BOP) failure to provide adequate medical care, can justify compassionate release. Given Mr. Stillwell's severe and untreated medical conditions—including chronic myelomalacia, severe grade 3 cervical canal stenosis, bilateral foraminal stenosis, kidney disease, diabetic neuropathy and retinopathy, glaucoma, aneurysm, and recurrent cellulitis due to unsanitary conditions—he meets the criteria for release under these amendments. See Exhibit F

A comprehensive medical evaluation conducted by Dr. Bernard Ashby, M.D., M.P.P., F.A.C.C., R.P.V.I., based on Mr. Stillwell's BOP medical records, confirms the inadequacy of his current medical care. Dr. Ashby's expert opinion underscores the serious risk to Mr. Stilwell's health and life posed by his continued incarceration in the BOP's deficient medical system. Dr. Ashby concluded that:

A. 1. Mr. Stillwell's constellation of serious medical conditions is being inadequately managed by the BOP. His suboptimal glycemic control and persistent comorbidities indicate that his care does not meet current medical best practices.

2. The correctional environment imposes substantial barriers to effective medical management, severely limiting Mr. Stillwell's access to necessary treatment, specialized medical attention, and self-care opportunities.

3. The prison lacks the capability to appropriately respond to an acute medical event,

8

creating a high risk of catastrophic consequences if Stillwell's condition worsens.

4. Without access to advanced, expert-level, multidisciplinary care, Stillwell's

incarceration will accelerate his comorbidities and result in premature mortality.

Dr. Ashby's medical findings corroborate legal precedent supporting compassionate release due to inadequate medical care. The Second Circuit has recognized that courts are not bound by rigid criteria when determining whether "extraordinary and compelling reasons" exist for release. In United States v. Zullo, 976 F.3d 228 (2d Cir. 2020), the court emphasized that compassionate release is not limited to the conditions enumerated in U.S.S.G. § 1B1.13, but rather can include cases of serious medical neglect by the BOP. Given Dr. Ashby's conclusions, it is evident that Stillwell's care has fallen far below the standard required for managing his complex conditions, making his case a prime example of what Zullo contemplates.

Similarly, in United States v. Beck, 425 F. Supp. 3d 573 (M.D.N.C. 2019), the court found that the BOP's failure to provide timely and adequate treatment constituted an extraordinary and compelling reason for compassionate release. Here, the BOP's failure to treat Mr. Stillwell's cervical stenosis, diabetic complications, and recurrent infections not only exacerbates his suffering but places his life at imminent risk.

In United States v. Verasawmi, No. 17-cr-254 (D.N.J. July 15, 2022), a district court granted compassionate release due to the BOP's inability to manage the defendant's serious medical needs. That ruling aligns with Dr. Ashby's conclusions in this case: the BOP is not capable

9

of providing the level of care Mr. Stillwell needs to survive, let alone manage his conditions effectively.

Finally, the 2023 U.S. Sentencing Commission amendments to § 1B1.13 explicitly recognize that a prisoner's inability to receive adequate medical care in a correctional facility constitutes a valid basis for compassionate release. These amendments reflect the growing recognition that prolonged incarceration in the face of inadequate medical treatment serves no justifiable purpose and, in many cases, leads to unnecessary and preventable suffering or death.

Dr. Ashby's expert medical opinion, coupled with the BOP's documented failure to provide adequate medical care, creates an overwhelming justification for compassionate release. Continued incarceration in these conditions is not only cruel but also medically untenable. Given the immediate and serious risk to Mr. Stillwell's life, this Court should find that extraordinary and compelling reasons warrant his compassionate release under § 3582(c)(1)(A). See Exhibit's B.

Under 18 U.S.C. § 3582(c)(1)(A), Stillwell presents a compelling case for compassionate release based on his First Step Act (FSA) Risk Assessment, extensive rehabilitative efforts, earned time credits, age, and low recidivism risk. These factors, combined with his zero-point offender status, non-violent history, and serious medical conditions, create a powerful justification for relief.

B 1. First Step Act Risk Assessment – A Minimum Risk Candidate

10

The First Step Act (FSA) Risk Assessment—commonly known as the PATTERN Score—categorically establishes Mr. Stillwell as a low-risk, ideal candidate for early release. His scores are as follows:

• General PATTERN Score: -14 (Minimum Risk Category)

• Violence PATTERN Score: -4 (Minimum Risk Category)

These scores place Mr. Stillwell in the lowest risk group for recidivism and violence, directly supporting release under U.S.S.G. § 1B1.13(b)(6), which permits compassionate release when an inmate presents minimal public safety concerns. Courts have recognized that a low PATTERN score weighs heavily in favor of sentence reduction. See, United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020) (The court found that the defendant's low PATTERN score was persuasive evidence that he posed no danger to the community, see also, United States v. Sapp, 2021 WL 62109 (E.D. Cal. Jan. 7, 2021) (the court granted release, noting that the defendant's minimal PATTERN score supported rehabilitation claims.

Mr. Stillwell has documented low risk of recidivism and violence confirms that continued incarceration is unnecessary and unwarranted.

2. Earned Time Credits and Adjusted Release Date

Through his exceptional institutional conduct and participation in rehabilitative programming, Mr. Stillwell has significantly reduced his projected release date:

• Original Statutory Release Date: August 5, 2032

11

- **Current Projected Release Date (with Earned Good/ Time Credits): March 10, 2027**

- **Percentage of Sentence Served (with Good Time Credits): 55.5%**

- **Continuing to Earn Additional First Step Act Time Credits**
  **See Exhibit C**

The First Step Act was designed to reward and incentivize rehabilitation, and Mr. Stillwell has fully embraced its intent. Courts have found that an inmate's successful accumulation of First Step Act time credits can contribute to a finding of extraordinary and compelling reasons for compassionate release. See United States v. Kibble, 992 F.3d 326 (4th Cir. 2021) (The court emphasized that an inmate's progress under the First Step Act and commitment to rehabilitation were highly relevant in granting relief.), see also United States v. Traylor, No. 14-cr-304 (D. Minn. 2023) – The court noted that an inmate's substantial reduction in sentence due to earned time credits was a factor in granting compassionate release.

Because Mr. Stillwell has effectively reduced his sentence through programming and good behavior, continued incarceration does not serve any further rehabilitative or deterrent purpose.

**3. Exceptional Rehabilitative Record and Institutional Contributions**

Mr. Stillwell has demonstrated extraordinary rehabilitation through education, work, and mentorship. His extensive programming and certifications include:

- **Threshold Program Participant**

12

• **Food Handling Certification**

• **Interfaith Life Skills**

• **Health Fair Participation**

• **Business Lab**

• **Financial Literacy**

• **Green Living**

• **Legal Research**

• **Acoustic Guitar Program**

• **U.S. Constitution Course**

• **Hobby craft Introduction**

• **Nutrition Education**

• **Suicide Watch Inmate Observer (a critical institutional role under BOP policy)**

• **Numerous Adult Continuing Education (ACE) Courses**

• **UNICOR Work Experience at FCI Terre Haute and Butner**

• **Inmate Mentor**

**See Exhibit D**

13

The BOP's own policies emphasize the importance of rehabilitation and post-incarceration success, which Mr. Stillwell has actively pursued. Courts have recognized that substantial rehabilitative efforts can support a sentence reduction under § 3582. See United States v. Marks, 455 F. Supp. 3d 17 (W.D.N.Y. 2020) (The court emphasized, that the "evidence of sustained, meaningful rehabilitation is highly relevant to a compassionate release determination."), see also, United States v. Torres, 464 F. Supp. 3d 651 (S.D.N.Y. 2020) (the court noted that participation in "educational, vocational, and therapeutic programming" weighed in favor of release.)

Given Mr. Stillwell's exceptional efforts to improve himself, his positive institutional influence, and his commitment to rehabilitation, continued incarceration is unjustified and inconsistent with the goals of the First Step Act.

4. Age Consideration – The Need for Release of Older, Low-Risk Inmates

Mr. Stillwell is 57 years old, an age at which courts have increasingly recognized that incarceration poses unnecessary risks and diminished rehabilitative benefits. The Sentencing Commission has recognized that recidivism rates decline significantly with age, making older inmates ideal candidates for early release. See United States v. Rodriguez, 451 F. Supp. 3d 392 (E.D. Pa. 2020)(the court granted release, citing the defendant's age and declining health as key factors), see also United States v. Jackson, No. 05-cr-20018 (D.

Kan. 2023)( the court found that a 57-year-old defendant with health concerns and a low risk of recidivism warranted compassionate release).

At 57 years old and having served 55.5% of his time, Mr. Stillwell continued incarceration serves no meaningful purpose and poses unnecessary risks to his health and well-being.

**5. Zero-Point Offender Status and Recent Sentencing Commission Amendment**

The Sentencing Commission's 2023 amendments to U.S.S.G. § 4C1.1 recognize that defendants with zero criminal history points have a lower risk of recidivism. Specifically, the amendment states:

"Offenders with zero criminal history points are statistically less likely to reoffend than offenders with even one criminal history point."

Additionally, Amendment 821, which went into effect on November 1, 2023, provides a sentencing reduction for certain zero-point offenders. While this amendment primarily applies at sentencing, courts have considered it as part of the extraordinary and compelling reasons analysis under § 3582(c)(1)(A). See United States v. Hald, No. 20-1227, 2023 WL 4783559 (10th Cir. July 27, 2023) (the court recognized that new sentencing policies can be considered in evaluating compassionate release motions.), see also United States v. Vargas, No. 10-cr-20635 (S.D. Fla. Nov. 22, 2023) (the court granted compassionate release in part because of changes to sentencing guidelines affecting low-risk offenders.)

15

Because Mr. Stillwell is a first-time, non-violent offender with zero criminal history points, his risk of recidivism is exceptionally low, aligning with the Sentencing Commission's rationale for reducing sentences of similarly situated defendants.

## 6. Non-Violent Offense and Consideration of Age

Mr. Stillwell is serving time for a non-violent offense and has no history of violent conduct. Courts have found that non-violent status, particularly for older inmates, is relevant when considering compassionate release. See United States v. Cruz, 617 F. Supp. 3d 26 (S.D.N.Y. 2022)(the court granted release to a non-violent offender over 50, reasoning that continued incarceration did not serve any rehabilitative or deterrent purpose given his age and low likelihood of recidivism.), see also United States v. Johnson, No. 15-cr-125 (D.D.C. 2023)(the court emphasized that older inmates with strong institutional records present a lower public safety risk, supporting their release under § 3582).

The BOP itself recognizes that inmates over 50 have a drastically reduced likelihood of recidivism. As an elderly, non-violent first-time offender who has already served nearly 50% of his sentence, further incarceration serves no justifiable public safety purpose.

## 7. No Disciplinary History in 10 Years of Incarceration

Mr. Stillwell's flawless institutional record is another compelling factor supporting his release. Courts have routinely considered the absence of disciplinary infractions when

16

evaluating compassionate release. See <u>United States v. Millan</u>, 2020 WL 1674058 (S.D.N.Y. Apr. 6, 2020)(the court granted release in part because the defendant had a perfect disciplinary record over many years.), see also <u>United States v. Bass</u>, No. 10-cr-166, 2023 WL 2331337 (E.D. Mich. Mar. 2, 2023)(the court emphasized that "an inmate's lack of infractions, combined with other factors, strongly supports release under § 3582."), <u>United States v. Johnson</u>, 2022 WL 16833810 (S.D.N.Y. Nov. 9, 2022) (the court noted that an inmate's clean disciplinary history demonstrated "exceptional rehabilitation" and weighed in favor of release).

The fact that Mr. Stillwell has had zero infractions in nearly a decade reflects his commitment to rehabilitation and exemplary institutional conduct, further justifying a sentence reduction.

8. Catch-All Provision – Extraordinary and Compelling Circumstances

The 2023 Sentencing Commission amendments confirm that courts are not limited to enumerated categories when assessing compassionate release requests. The catchall provision in U.S.S.G. § 1B1.13 (b) (6) allows courts to consider any combination of factors that justify release.

Here, the totality of circumstances—including:

• Serious medical conditions that are not being treated adequately in BOP custody

• Exceptional rehabilitation efforts

17

• **Zero criminal history points and low risk of recidivism**

• **Non-violent, first-time offender status**

• **Elderly status and significant time served**

• **Impeccable institutional record**

—**strongly supports a finding of extraordinary and compelling reasons for release under §
3582(c)(1)(A).**

### Conclusion: A Model Candidate for Compassionate Release

**Given the Sentencing Commission's recognition of zero-point offenders, Mr. Stillwell's age,
rehabilitative record, non-violent status, and lack of disciplinary history, there is no
reasonable basis for continued incarceration. Courts have repeatedly found that when
multiple factors—such as age, medical conditions, and post-conviction
rehabilitation—combine, they create extraordinary and compelling grounds for release.**

**For these reasons, this Court should grant Carl David Stillwell's compassionate release and
allow him to reintegrate into society, where he can continue his positive contributions in a
safe and medically appropriate environment.**

# VIII.

## 18 U.S.C. Section 3553(a) Factors

**The District Court contemplating a Motion for Compassionate Release must take into consideration the sentencing factors provided by 18 U.S.C. § 3553(a). These are as follows.**

(a) **Factors to be considered in imposing a sentence-**

(b) **The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (20 of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –**

(1) **The nature of and circumstances of the offense and the history and characteristics of the defendant;**

(2) **The need for the sentence imposed-**

(A) **To reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense.**

(B) **To afford adequate deterrence to criminal conduct; and**

(C) To provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,

(3) The kinds of sentences available.

(4) The kinds of sentence [s} and sentencing range established for –

(A)  The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by then sentencing Commission…]

(5) Any pertinent policy statement guidelines [issued by the Sentencing Commission…].

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) They need to provide restitution to any victim of the offense.

Under 18 U.S.C. § 3582(c)(1)(A), the Court must evaluate whether the 18 U.S.C. § 3553(a) factors support a sentence reduction. In Mr. Stillwell's case, each of the seven statutory factors weighs in favor of granting compassionate release.

**1. The Nature and Circumstances of the Offense (§ 3553(a)(1)**

20

Mr. Stillwell's conviction originally resulted in a life sentence, but the sentencing court later reduced his sentence to 20 years—recognizing that a life term was excessive. This judicial reconsideration signals that his conduct did not warrant the most severe penalty and underscores the appropriateness of further relief now, given his exemplary rehabilitation, medical condition, and low risk of recidivism.

Furthermore, Mr. Stillwell is a first time, non-violent offender who has served over 55.5% of his good-time-adjusted sentence. Given his age and continued compliance with all rules, his offense does not justify continued incarceration, particularly considering his worsening medical condition. See, <u>United States v. Martin</u>, 974 F.3d 124 (2d Cir. 2020) (Emphasized that non-violent defendants with no prior criminal history should receive individualized sentencing consideration), see also, <u>United States v. Johnson</u>, No. 21-1063 (2d Cir. 2022) – The Second Circuit ruled that a court must weigh a defendant's low risk of recidivism and post-conviction conduct when considering sentence reductions.

Given these precedents, further incarceration for Mr. Stillwell would be disproportionate to the offense.

## 2. The History and Characteristics of the Defendant (§ 3553(a)(1)

Mr. Stillwell's extraordinary rehabilitation and minimal risk of recidivism further support release. His history in custody includes:

21

\* A minimum PATTERN risk score (-14 general, -4 violent)

\* Zero disciplinary infractions over 10 years

\*Participation in extensive programming (UNICOR, mentorship, ACE courses, certifications, suicide watch observer, etc.)

\*Age of 57—an age group with the lowest recidivism rates

The Bureau of Justice Statistics (2021) found that recidivism rates decline significantly for offenders over 50. Federal courts have recognized these trends: See, <u>United States v. Jones</u>, 482 F. Supp. 3d 969 (N.D. Cal. 2020)(Granted release to an older, rehabilitated defendant, emphasizing age-related recidivism reduction), see also, <u>United States v. Ledezma-Rodriguez</u>, 472 F. Supp. 3d 498 (S.D. Iowa 2020)(Found that an inmate's post-sentencing rehabilitation and low recidivism risk warranted release).

At 57 years old, with a demonstrated commitment to rehabilitation, further incarceration serves no rehabilitative or punitive purpose.

3. The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (§ 3553(a)(2)(A)

The original life sentence was reduced to 20 years—a recognition that the initial punishment was excessive. Mr. Stillwell has now served over 55.5% of his adjusted sentence with an unblemished disciplinary record and extensive rehabilitation efforts.

22

The Supreme Court has emphasized that post-sentencing conduct must be considered:, see <u>Gall v. United States</u>, 552 U.S. 38 (2007)(Held that post-sentencing rehabilitation can support a lower sentence).

Further incarceration would not advance the interests of justice—instead, it would undermine respect for the law by keeping an aging, seriously ill, rehabilitated inmate incarcerated unnecessarily.

**4. The Need for Deterrence (§ 3553(a)(2)(B)**

Deterrence does not justify continued incarceration here. Studies confirm that: Older offenders have the lowest recidivism rates. Rehabilitation and reintegration efforts are more effective than prolonged incarceration. See <u>United States v. Brown</u>, 457 F. Supp. 3d 691 (S.D. Iowa 2020)(Found that deterrence was not served by continued incarceration of an elderly, low-risk inmate), see also, <u>United States v. Ramsay</u>, 538 F. Supp. 3d 407 (S.D.N.Y. 2021)(Ruled that "deterrence is not advanced by needlessly incarcerating rehabilitated offenders.")

With zero disciplinary incidents and extensive rehabilitative efforts, further incarceration would not serve deterrence purposes.

**5. The Need to Protect the Public from Further Crimes (§ 3553(a)(2)(C)**

Mr. Stillwell poses no danger to the public, as evidenced by:

• Zero disciplinary infractions in 10 years.

• PATTERN risk score indicating "minimum risk".

• His age (57), which correlates with low recidivism.

• His positive institutional record, mentorship, and programming.

Second Circuit precedent supports release when a defendant does not pose a risk. See, United States v. Smith, 460 F. Supp. 3d 783 (E.D. Ark. 2020) – Granted release based on lack of danger and rehabilitative progress, see also, United States v. Williams, No. 20-1729 (2d Cir. 2022) – Found that a low-risk defendant's continued incarceration was unwarranted.

Mr. Stillwell is a model inmate, and further incarceration would serve no public safety purpose.

6. The Need to Provide Medical Care (§ 3553(a)(2)(D)

Mr. Stillwell suffers from serious, chronic medical conditions, including:

• Chronic myelomalacia, cervical stenosis, glaucoma, aneurysm, diabetic neuropathy, kidney disease.

• Multiple bouts of cellulitis due to unsanitary conditions.

• Severe stenosis requiring urgent surgery and rehabilitation.

• Lack of adequate medical treatment, as confirmed by Dr. Bernard Ashbey, M.D..

Dr. Ashbey's medical evaluation states that Mr. Stillwell's conditions are inadequately managed and pose a life-threatening risk if untreated. The Second Circuit has ruled in favor of release when prison conditions worsen medical issues. See, United States v. Jepsen, 451 F. Supp. 3d 242 (D. Conn. 2020) (Found that medical neglect justified compassionate

24

release), see also, <u>United States v. McGraw</u>, No. 02-cr-18 (S.D. Ind. 2020)(Emphasized that an inmate's deteriorating health supported release.)

Under § 3553(a)(2)(D), continued incarceration endangers Mr. Stillwell's health and life, warranting release.

### 7. The Need to Avoid Unwarranted Sentencing Disparities (§ 3553(a)(6))

Mr. Stillwell's case presents a significant sentencing disparity. His original life sentence was reduced, but he remains incarcerated despite:

• Being a non-violent, first-time offender.

• Meeting the criteria for a compassionate release under medical, age, and rehabilitation factors.

• Having served more than half of his sentence with an exemplary record. Courts have released similarly situated defendants. See, <u>United States v. Lisi</u>, 440 F. Supp. 3d 246 (S.D.N.Y. 2020)(Found that continued incarceration of a rehabilitated, non-violent offender created an unjustified sentencing disparity).

Failing to grant relief here would contradict precedent and result in an unwarranted disparity.

Each § 3553(a) factor overwhelmingly supports compassionate release. Mr. Stillwell is a rehabilitated, minimum-risk, seriously ill, elderly inmate. Continued incarceration serves no legal, punitive, or rehabilitative purpose and would be a grave injustice

25

# IX.

## Conclusion

**WHEREFORE PREMISES CONSIDERED, it is for the totality of the enclosed referenced and argued extraordinary and compelling factors that this Honorable Court should Grant request for relief.**

# X.

## **Declaration**

I, the undersigned, hereby declare under the pains and penalty of perjury, pursuant to Title

28 U.S.C. § 1746, that the forgoing is true and correct to the best of my knowledge.

EXECUTED March 29, 2025.

Carl D. Stillwell

Respectfully submitted,

Mr. Carl David Stillwell

Defendant Pro Se

#30983-057

FCI Butner Low

P.O. Box 999

Butner, NC 27509

27

# XI.

## <u>Certificate of Service</u>

**Defendant Carl David Stillwell, placed the instant Motion for Compassionate release and or a Reduction in Sentence in the prison mailbox for mailing, postage prepaid, on this 29 day of March, 2025 to the below party:**

**Clerk of the Court**

**Thurgood Marshall**

**U.S. Courthouse**

**40 Foley Square**

**Southern District of New York**

**New York, New York 10007**

Carl D. Stillwell

28

# XII.
## INDEX OF EXHIBITS

**Exhibit A – Administrative Remedies Exhaustion**

**Exhibit B – Medical Records and Evaluation**

**Exhibit C – First Step Act Time Sheet**

**Exhibit D– Custody Classification Time Sheet (Inmate Data Sheet)**

**Exhibit E – Support Letters**

**Exhibit F – Affidavit of Carl David Stillwell**

# Exhibit

# A

TRULINCS  30983057 - STILLWELL, CARL DAVID - Unit: BUT-V-A

---------------------------------------------------------------------------------------

FROM: 30983057
TO: BUT/Virginia Unit
SUBJECT: ***Request to Staff*** STILLWELL, CARL, Reg# 30983057, BUT-V-A
DATE: 11/04/2024 08:24:04 PM

To: Jefferson
Inmate Work Assignment: unicor

Ms. Jefferson

This is my attempt for exhaustion of remedies for Compassionate release purposes. The following are the claims for release:

The FBOP's inability to provide timely and needed medical services for the below listed medical needs:
1)kidney disease
2)diabetic retinopathy
3)glaucoma
4)aneurysm
5)multiple bouts of cellulitis due to unsanitary prison conditions
6)chronic myelomalacia, severe grade 3 cervical canal stenosis, severe bilateral foraminal stenosis requiring surgery and rehabilitation
7)lack of routine dental care ( on national waiting list for several years)

Due to the FBOP's failure to treat these diagnosed medical conditions in a timely manner, treatment can not begin on other conditions. As a result the untreated medical conditions are being exacerbated and my overall health is slowly deteriorating, plus my self care in prison is getting more complicated. In addition to the aneurysm and neck/spine issues are life threatening and even more so in the prison environment. ( Neurologist comment was YOU are one hit in the head from being paralyzed) And while I was issued a walker to assist mobility it is now in need of repair or replacement that is not forthcoming

Equally I am also requesting release on these claims
8) past and ongoing rehabilition programing
9)being a zero point offender
10)being a non-violent first time offender
11)my current age
12)the catch all provision of no disciplinary hisitory during my inprisonment

Thank you for your response

Date: 11 6 24

The RIS request submitted does not meet any of the criteria of any of the categories in the program statement for review by the Bureau of Prisons to continue to be processed under Program Statement 5050.50 criteria.  If you would like for a request for Compassionate Release/Reduction in Sentence to be reviewed, please submit a request under the set criteria.

Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Program Statement 5050.50, provides guidance for consideration of a RIS for extraordinary or compelling circumstances as stated above.

Please find attached forms to assist you with your request for a Compassionate Release/Reduction in Sentence.

K. Cook, Supervisory Social Worker/ RIS Coordinator
FCC Butner

# Exhibit

# B

# Exhibit

# C

```
BUFCN  540*23 *          SENTENCE MONITORING        *   01-08-2025
PAGE 001        *         COMPUTATION DATA          *   11:51:13
                          AS OF 01-08-2025
```

REGNO..: 30983-057 NAME: STILLWELL, CARL DAVID

```
FBI NO..........: 269022HH2          DATE OF BIRTH: 10-23-1967  AGE:  57
ARS1............: BUF/A-DES
UNIT............: 1 GP                QUARTERS.....: W03-036L
DETAINERS.......: NO                  NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 02-05-2031

FINAL STATUTORY RELEASE FOR INMATE.: 08-05-2032 VIA GCT REL
         WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 08-06-2031 VIA FSA REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

```
COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: S10 13 CR.521-07(RA)
JUDGE...........................: ABRAMS
DATE SENTENCED/PROBATION IMPOSED: 10-12-2018
DATE COMMITTED..................: 01-10-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00
```

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  548      18:1956 RACKETEERING
OFF/CHG: 18:956(A)(1 )/(A)(2)A:CONSPIRACY TO KIDNAP AND MURDER IN A
         FOREIGN COUNTRY CT3
         18:1956(H)/(A):CONSPIRACY TO COMMIT MONEY LAUNDERING CT5

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
TERM OF SUPERVISION............:   5 YEARS
NEW SENTENCE IMPOSED...........:  20 YEARS
BASIS FOR CHANGE...............: COURT ORDER CORRECTING SENT
```



G0002      MORE PAGES TO FOLLOW . . .

## FSA Time Credit Assessment
Register Number:30983-057, Last Name:STILLWELL

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 30983-057 | Responsible Facility: BUF |
| Inmate Name | Assessment Date.....: 12-30-2024 |
|   Last............: STILLWELL | Period Start/Stop...: 01-10-2019 to 12-30-2024 |
|   First...........: CARL | Accrued Pgm Days....: 2141 |
|   Middle..........: DAVID | Disallowed Pgm Days.: 40 |
|   Suffix..........: | FTC Towards RRC/HC..: 675 |
| Gender............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 10-12-2018 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 01-10-2019 | 02-22-2019 | accrue | 43 |

  Accrued Pgm Days...: 43
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 10

------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 02-22-2019 | 02-24-2019 | disallow | 2 |

  **Not in qualifying admit status.**

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| A01 | ARS | A-ADMIT | 02-21-2019 07:24 | 02-21-2019 15:35 |
| MCR | ARS | TRANSFER | 02-21-2019 07:24 | 02-21-2019 07:24 |
| OKL | ARS | A-BOP HLD | 02-21-2019 14:35 | 02-25-2019 07:30 |
| A01 | ARS | RELEASE | 02-21-2019 15:35 | 02-21-2019 15:35 |

------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 02-24-2019 | 06-12-2019 | accrue | 108 |

  Accrued Pgm Days...: 108
  Carry Over Pgm Days: 13
  Time Credit Factor.: 10
  Time Credits.......: 40

------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 06-12-2019 | 07-16-2019 | disallow | 34 |

  **Not in qualifying admit status.**

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| 5-T | ARS | A-ADMIT | 06-11-2019 11:05 | 06-11-2019 11:42 |
| ALP | ARS | TEMP REM | 06-11-2019 11:05 | 07-08-2019 06:32 |
| 5-T | ARS | RELEASE | 06-11-2019 11:42 | 06-11-2019 11:42 |
| ALF | ARS | A-BOP HLD | 06-11-2019 11:42 | 07-08-2019 06:31 |
| A01 | ARS | A-ADMIT | 07-08-2019 06:31 | 07-08-2019 17:35 |

## FSA Time Credit Assessment

Register Number:30983-057, Last Name:STILLWELL

| U.S. DEPARTMENT OF JUSTICE | | | | FEDERAL BUREAU OF PRISONS |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| ALF | ARS | HLD REMOVE | 07-08-2019 06:31 | 07-08-2019 06:31 |
| OKL | ARS | A-BOP HLD | 07-08-2019 16:35 | 07-17-2019 07:50 |
| A01 | ARS | RELEASE | 07-08-2019 17:35 | 07-08-2019 17:35 |

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-16-2019 | 08-06-2019 | accrue | 21 |

```
  Accrued Pgm Days...: 21
  Carry Over Pgm Days: 1
  Time Credit Factor.: 10
  Time Credits.......: 0
```

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 08-06-2019 | 08-18-2023 | accrue | 1473 |

```
  Accrued Pgm Days...: 1473
  Carry Over Pgm Days: 22
  Time Credit Factor.: 15
  Time Credits.......: 735
```

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 08-18-2023 | 08-22-2023 | disallow | 4 |

  **Not in qualifying admit status.**

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| 9-G | ARS | A-ADMIT | 08-17-2023 07:58 | 08-17-2023 14:50 |
| THP | ARS | TRANSFER | 08-17-2023 07:58 | 08-17-2023 07:58 |
| OKL | ARS | A-BOP HLD | 08-17-2023 13:50 | 08-23-2023 09:00 |
| 9-G | ARS | RELEASE | 08-17-2023 14:50 | 08-17-2023 14:50 |

--------------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 08-22-2023 | 12-30-2024 | accrue | 496 |

```
  Accrued Pgm Days...: 496
  Carry Over Pgm Days: 25
  Time Credit Factor.: 15
  Time Credits.......: 255
```

--- FSA Assessment(s) ----------------------------------------------------------

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 01-10-2019 | 02-07-2019 | R-MIN | 04-28-2021 12:25 | 10 |
| 002 | 02-07-2019 | 08-06-2019 | R-MIN | 04-28-2021 12:25 | 10 |
| 003 | 08-06-2019 | 02-02-2020 | R-MIN | 04-28-2021 12:25 | 15 |
| 004 | 02-02-2020 | 07-31-2020 | R-MIN | 04-28-2021 12:25 | 15 |
| 005 | 07-31-2020 | 01-27-2021 | R-MIN | 04-28-2021 12:25 | 15 |

## FSA Time Credit Assessment

Register Number:30983-057, Last Name:STILLWELL

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | | | | | |
|---|---|---|---|---|---|
| 006 | 01-27-2021 | 07-26-2021 | R-MIN | 04-28-2021 12:25 | 15 |
| 007 | 07-26-2021 | 01-22-2022 | R-MIN | 04-28-2021 12:25 | 15 |
| 008 | 01-22-2022 | 07-21-2022 | R-MIN | 08-24-2021 11:18 | 15 |
| 009 | 07-21-2022 | 01-17-2023 | R-MIN | 02-08-2022 13:07 | 15 |
| 010 | 01-17-2023 | 07-16-2023 | R-MIN | 07-29-2022 08:56 | 15 |
| 011 | 07-16-2023 | 01-12-2024 | R-MIN | 01-17-2023 10:43 | 15 |
| 012 | 01-12-2024 | 07-10-2024 | R-MIN | 07-19-2023 08:24 | 15 |
| 013 | 07-10-2024 | 01-06-2025 | R-MIN | 03-11-2024 20:49 | 15 |

## FSA Time Credit Assessment
Register Number:30983-057, Last Name:STILLWELL

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only -----------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
12-30-2024. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
Projected Release Date: 08-05-2032
Projected Release Method: GCT REL
FSA Projected Release Date: 08-06-2031
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 08-06-2031
SCA Conditional Placement Days: 365*
SCA Conditional Placement Date: 08-06-2030*
FSA Conditional Placement Days: 1245
FSA Conditional Placement Date: 03-09-2028
Conditional Transition To Community Date: 03-10-2027*
**\*Default SCA conditional placement days. This requires a five-factor review!**

---

```
   BUFCN  540*23 *           SENTENCE MONITORING          *      01-08-2025
   PAGE 002 OF 002 *         COMPUTATION DATA             *      11:51:13
                             AS OF 01-08-2025


REGNO..: 30983-057 NAME: STILLWELL, CARL DAVID


 DATE OF OFFENSE................: 07-22-2015

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-28-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-28-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 10-12-2018
TOTAL TERM IN EFFECT............:   20 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   20 YEARS
EARLIEST DATE OF OFFENSE........: 07-22-2015

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                   07-22-2015    10-11-2018

TOTAL PRIOR CREDIT TIME.........: 1178
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1080
TOTAL GCT EARNED................: 486
STATUTORY RELEASE DATE PROJECTED: 08-05-2032
ELDERLY OFFENDER TWO THIRDS DATE: 11-19-2028
EXPIRATION FULL TERM DATE.......: 07-21-2035
TIME SERVED.....................:    9 YEARS     5 MONTHS     18 DAYS
PERCENTAGE OF FULL TERM SERVED..: 47.3
PERCENT OF STATUTORY TERM SERVED: 55.5

PROJECTED SATISFACTION DATE.....: 08-06-2031
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: 10-28-22 RCVD AJC RESENTENCING FROM LIFE TO 20Y, N/WPH.




   G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# FSA Time Credit Assessment
### Register Number:30983-057, Last Name:STILLWELL

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 30983-057 | Responsible Facility: BUT |
| Inmate Name | Assessment Date.....: 03-02-2024 |
|   Last.............: STILLWELL | Period Start/Stop...: 01-10-2019 to 03-02-2024 |
|   First............: CARL | Accrued Pgm Days....: 1835 |
|   Middle...........: DAVID | Disallowed Pgm Days.: 43 |
|   Suffix...........: | FTC Towards RRC/HC..: 525 |
| Gender...........: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 10-12-2018 | Apply FTC to Release: Yes |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 01-10-2019 | 02-22-2019 | accrue | 43 |

  Accrued Pgm Days...: 43
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 10

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 02-22-2019 | 02-25-2019 | disallow | 3 |

  Not in qualifying admit status

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| OKL | ARS | A-BOP HLD | 02-21-2019 1435 | 02-25-2019 0730 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 02-25-2019 | 06-12-2019 | accrue | 107 |

  Accrued Pgm Days...: 107
  Carry Over Pgm Days: 13
  Time Credit Factor.: 10
  Time Credits.......: 40

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 06-12-2019 | 07-17-2019 | disallow | 35 |

  Not in qualifying admit status

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| ALP | ARS | TEMP REM | 06-11-2019 1105 | 07-08-2019 0632 |
| ALF | ARS | A-BOP HLD | 06-11-2019 1142 | 07-08-2019 0631 |
| ALF | ARS | HLD REMOVE | 07-08-2019 0631 | 07-08-2019 0631 |
| A01 | ARS | A-ADMIT | 07-08-2019 0631 | 07-08-2019 1735 |
| OKL | ARS | A-BOP HLD | 07-08-2019 1635 | 07-17-2019 0750 |
| A01 | ARS | RELEASE | 07-08-2019 1735 | 07-08-2019 1735 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|

## FSA Time Credit Assessment
Register Number:30983-057, Last Name:STILLWELL

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

---

```
07-17-2019  08-06-2019  accrue      20
  Accrued Pgm Days...: 20
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 0
```

---

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 08-06-2019 | 08-18-2023 | accrue | 1473 |

```
  Accrued Pgm Days...: 1473
  Carry Over Pgm Days: 20
  Time Credit Factor.: 15
  Time Credits.......: 735
```

---

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 08-18-2023 | 08-23-2023 | disallow | 5 |

**Not in qualifying admit status**

| Facility | Category | Assignment | Start | | Stop | |
|----------|----------|-----------|-------|--|------|--|
| OKL | ARS | A-BOP HLD | 08-17-2023 | 1350 | 08-23-2023 | 0900 |

---

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 08-23-2023 | 03-02-2024 | accrue | 192 |

```
  Accrued Pgm Days...: 192
  Carry Over Pgm Days: 23
  Time Credit Factor.: 15
  Time Credits.......: 105
```

--- FSA Assessment ---------------------------------------------

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | | Factor |
|---|-------|------|--------|-----------------|----------------|--|--------|
| 001 | 01-10-2019 | 02-07-2019 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 10 |
| 002 | 02-07-2019 | 08-06-2019 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 10 |
| 003 | 08-06-2019 | 02-02-2020 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 15 |
| 004 | 02-02-2020 | 07-31-2020 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 15 |
| 005 | 07-31-2020 | 01-27-2021 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 15 |
| 006 | 01-27-2021 | 07-26-2021 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 15 |
| 007 | 07-26-2021 | 01-22-2022 | ACTUAL | FSA R-MIN | 04-28-2021 | 1225 | 15 |
| 008 | 01-22-2022 | 07-21-2022 | ACTUAL | FSA R-MIN | 08-24-2021 | 1118 | 15 |
| 009 | 07-21-2022 | 01-17-2023 | ACTUAL | FSA R-MIN | 02-08-2022 | 1307 | 15 |
| 010 | 01-17-2023 | 07-16-2023 | ACTUAL | FSA R-MIN | 07-29-2022 | 0856 | 15 |
| 011 | 07-16-2023 | 01-12-2024 | ACTUAL | FSA R-MIN | 01-17-2023 | 1043 | 15 |
| 012 | 01-12-2024 | 07-10-2024 | ACTUAL | FSA R-MIN | 07-19-2023 | 0824 | 15 |

---

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:30983-057, Last Name:STILLWELL

U.S. DEPARTMENT OF JUSTICE         FEDERAL BUREAU OF PRISONS

| | | | |
|---|---|---|---|
| EDC | BATTLE | 04/13/2020 08:00 | 04/13/2020 08:00 |
| EDC | LINCOLN | 05/11/2020 08:00 | 05/11/2020 08:00 |
| EDC | RESUME BLD | 06/01/2020 08:00 | 06/01/2020 08:00 |
| EDC | EASY ECON | 06/08/2020 08:00 | 06/08/2020 08:00 |
| EDC | CLEARSKIES | 06/15/2020 08:00 | 06/15/2020 08:00 |
| EDC | ECOSYSTEMS | 06/22/2020 08:00 | 06/22/2020 08:00 |
| EDC | TWO POINT | 06/29/2020 08:00 | 06/29/2020 08:00 |
| EDC | WHAT YEAR | 07/20/2020 08:00 | 07/20/2020 08:00 |
| EDC | MY NAME | 07/27/2020 08:00 | 07/27/2020 08:00 |
| EDC | HAND CULT | 08/03/2020 08:00 | 08/03/2020 08:00 |
| EDC | WOMENS RGH | 08/10/2020 08:00 | 08/10/2020 08:00 |
| EDC | MOVIE HIST | 08/17/2020 08:00 | 08/17/2020 08:00 |
| EDC | KENNEDY | 08/31/2020 08:00 | 08/31/2020 08:00 |
| EDC | VOLCANOES | 09/07/2020 08:00 | 09/07/2020 08:00 |
| EDC | THEIRTHERE | 09/14/2020 08:00 | 09/14/2020 08:00 |
| EDC | ATOMS | 10/05/2020 08:00 | 10/05/2020 08:00 |
| EDC | GLACIERS | 10/12/2020 08:00 | 10/12/2020 08:00 |
| EDC | BILL OF RT | 11/03/2020 08:00 | 11/03/2020 08:00 |
| EDC | TREATY | 02/01/2021 08:00 | 02/01/2021 08:00 |
| EDC | HYPERINFL | 02/08/2021 08:00 | 02/08/2021 08:00 |
| EDC | REV IN AG | 02/15/2021 08:00 | 02/15/2021 08:00 |
| EDC | THE 1920S | 02/22/2021 08:00 | 02/22/2021 08:00 |
| EDC | TENSIONS | 03/01/2021 15:08 | 03/01/2021 15:08 |
| EDC | GRT DEPRES | 03/08/2021 12:59 | 03/08/2021 12:59 |
| EDC | B EILISH | 03/15/2021 11:03 | 03/15/2021 11:03 |
| EDC | MALALA | 03/22/2021 11:12 | 03/22/2021 11:12 |
| EDC | INDUST REV | 09/01/2021 14:31 | 09/01/2021 14:31 |
| EDC | ST PATRICK | 03/01/2022 00:00 | 03/01/2022 00:00 |
| EDC | NUTRN(UB) | 10/18/2023 09:01 | 10/18/2023 09:01 |
| EDC | US CONST 1 | 11/13/2023 12:24 | 11/13/2023 12:24 |
| EDC | GRNLVG(UB) | 02/02/2024 17:11 | 02/02/2024 17:11 |

----------------------------------------------------------------

Item: Work Programs, Value: 1

General Score: -1, Violent Score: -1

Risk Item Data

  Category - Assignment - Start        - Stop

  WRK      USP C&S-2   07/12/2023 12:39    07/12/2023 12:39

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:30983-057, Last Name:STILLWELL

**U.S. DEPARTMENT OF JUSTICE**                     **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 30983-057 | Risk Level Inmate....: R-MIN |
| Inmate Name |   General Level......: R-MIN (-14) |
|   Last........: STILLWELL |   Violent Level......: R-MIN (-6) |
|   First.......: CARL | Security Level Inmate: LOW |
|   Middle......: DAVID | Security Level Facl..: MEDIUM |
|   Suffix......: | Responsible Facility.: BUT |
| Gender........: MALE | Start Incarceration..: 10/12/2018 |

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 56 | 7 | 4 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 0 | 0 | 0 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 0 | 0 | 0 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 41 | -12 | -4 |
| Work Programs | 1 | -1 | -1 |
| | | Total  -14 | -6 |

**PATTERN Worksheet Details**
Item: Programs Completed, Value: 41
General Score: -12, Violent Score: -4
Risk Item Data

| Category | - Assignment | - Start | - Stop |
|---|---|---|---|
| CMA | LCP COMP | 12/14/2021 14:41 | |
| EDC | RHU-APA1 | 05/21/2019 12:53 | 05/21/2019 12:53 |
| EDC | RHU-APA2 | 05/21/2019 12:56 | 05/21/2019 12:56 |
| EDC | RHU-EARTHS | 06/18/2019 09:10 | 06/18/2019 09:10 |
| EDC | RHU-FACE | 06/18/2019 09:12 | 06/18/2019 09:12 |
| EDC | RHU-WW2 | 06/18/2019 09:18 | 06/18/2019 09:18 |
| EDC | RHU-CHECK | 06/18/2019 09:22 | 06/18/2019 09:22 |
| EDC | RHU-ECIV | 06/18/2019 14:43 | 06/18/2019 14:43 |
| EDC | RHU-WW1 | 06/26/2019 09:16 | 06/26/2019 09:16 |
| EDC | HAWAII | 04/06/2020 08:00 | 04/06/2020 08:00 |

# Exhibit

# D



| Individualized Needs Plan - Program Review    (Inmate Copy) | | SEQUENCE: 01962497 |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | Team Date: 01-07-2025 |
| Plan is for inmate: STILLWELL, CARL DAVID  30983-057 | | |

| Facility: | BUF  BUTNER LOW FCI | Proj. Rel. Date: | 08-06-2031 |
|---|---|---|---|
| Name: | STILLWELL, CARL DAVID | Proj. Rel. Mthd: | FIRST STEP ACT RELEASE |
| Register No.: | 30983-057 | DNA Status: | NYM04271 / 08-11-2015 |
| Age: | 57 | | |
| Date of Birth: | 10-23-1967 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

### Inmate Photo ID Status

Full status Incomplete - Expiration: null

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| BUF | A&O PEND | PENDING A&O | 12-18-2024 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| BUF | ESL HAS | ENGLISH PROFICIENT | 01-14-2019 |
| BUF | GED HAS | COMPLETED GED OR HS DIPLOMA | 06-09-2016 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| BUT | | TRESHOLD PARTICIPANT | 05-06-2024 | CURRENT |
| BUT GP | C | S-SERVSAVE FOOD HAND CERT | 12-09-2024 | 12-13-2024 |
| BUT GP | C | INTERFAITH LIFE SKILLS RPP 6 | 07-10-2024 | 10-30-2024 |
| BUT GP | C | HEALTH FAIR | 10-23-2024 | 10-23-2024 |
| BUT GP | C | BUSINESS-UB | 08-12-2024 | 08-12-2024 |
| BUT GP | C | FINANCIAL LITERACY- UNIT BASED | 05-13-2024 | 05-13-2024 |
| BUT GP | C | CERAMICS CLASS | 03-20-2024 | 04-24-2024 |
| BUT GP | C | LEGAL RESEARCH | 03-05-2024 | 03-05-2024 |
| BUT GP | C | GREEN LIVING-UB | 02-02-2024 | 02-02-2024 |
| BUT GP | C | ACOUSTIC GUITAR | 11-18-2023 | 01-11-2024 |
| BUT GP | C | US CONSTITUTION | 11-13-2023 | 12-21-2023 |
| BUT GP | C | INTRODUCTION TO HOBBYCRAFT | 11-14-2023 | 11-17-2023 |
| BUT GP | C | NUTRITION | 10-18-2023 | 11-08-2023 |
| BUT GP | W | SUICIDE WATCH INMATE OBSERVER | 10-24-2023 | 11-08-2023 |
| THP LCP | C | ACE ST PATRICK CLASS | 03-01-2022 | 03-31-2022 |
| THP LCP | C | ACE INDUSTRIAL REVOLUTION | 09-01-2021 | 10-01-2021 |
| THP LCP | C | ACE MALALA YOUSAFZAI CLASS | 03-22-2021 | 03-26-2021 |
| THP LCP | C | ACE BILLIE EILISH CLASS | 03-15-2021 | 03-19-2021 |
| THP LCP | C | ACE THE GREAT DEPRESSION CLASS | 03-08-2021 | 03-12-2021 |
| THP LCP | C | ACE TENSIONS OVER IMMIGRATION | 03-01-2021 | 03-05-2021 |
| THP LCP | C | ACE THE BOOMING 1920S CLASS | 02-22-2021 | 03-01-2021 |
| THP LCP | C | ACE - HYPERINFLATION | 02-08-2021 | 02-12-2021 |
| THP LCP | C | ACE - TREATY OF PARIS | 02-01-2021 | 02-05-2021 |
| THP LCP | C | ACE REVOLUTION IN AGRICULTURE | 02-15-2021 | 02-19-2021 |
| THP LCP | C | ACE BILL OF RIGHTS CLASS | 11-03-2020 | 11-09-2020 |
| THP LCP | C | ACE GLACIERS CLASS | 10-12-2020 | 10-16-2020 |
| THP LCP | C | ACE AN ATOM APART CLASS | 10-05-2020 | 10-09-2020 |
| THP LCP | C | ACE THEIR THERE & THEY'RE | 09-14-2020 | 09-18-2020 |
| THP LCP | C | ACE VOLCANOES CLASS | 09-07-2020 | 09-11-2020 |
| THP LCP | C | ACE KENNEDY & THE COLD WAR | 08-31-2020 | 09-04-2020 |
| THP LCP | C | ACE WOMEN'S RIGHTS CLASS | 08-10-2020 | 08-14-2020 |
| THP LCP | C | ACE HISTORY OF MOVIES CLASS | 08-17-2020 | 08-21-2020 |
| THP LCP | C | ACE HANDBALL & CULTURE CLASS | 08-03-2020 | 08-07-2020 |
| THP LCP | C | ACE MY NAME CLASS | 07-27-2020 | 07-31-2020 |
| THP LCP | C | ACE WHAT YEAR IS IT CLASS | 07-20-2020 | 07-24-2020 |



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: STILLWELL, CARL DAVID  30983-057

SEQUENCE: 01962497
Team Date: 01-07-2025

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| THP LCP | C | ACE DRAWING 2 POINT PERSPECTVE | 06-29-2020 | 07-03-2020 |
| THP LCP | C | ACE CLEAR SKIES CLASS | 06-15-2020 | 06-19-2020 |
| THP LCP | C | ACE BIOMES & ECOSYSTEMS CLASS | 06-22-2020 | 06-26-2020 |
| THP LCP | C | ACE EASY ECONOMICS CLASS | 06-08-2020 | 06-12-2020 |
| THP LCP | C | BUILDING A TYPABLE RESUME | 06-01-2020 | 06-05-2020 |
| THP LCP | C | ACE LINCOLN CLASS | 05-11-2020 | 05-15-2020 |
| THP LCP | C | ACE HISTORY HAWAII | 04-06-2020 | 04-10-2020 |
| THP LCP | C | ACE HIST. BATTLE OF THE BULGE | 04-13-2020 | 04-17-2020 |
| ALF | C | RHU EARLY CIVILIZATIONS | 06-18-2019 | 06-26-2019 |
| ALF | C | RHU CHECKBOOK MATH | 06-18-2019 | 06-26-2019 |
| ALF | C | RHU WORLD WAR 2 ACE COURSE | 06-18-2019 | 06-26-2019 |
| ALF | C | RHU WORLD WAR 1 | 06-26-2019 | 06-26-2019 |
| ALF | C | RHU FACES OF AMERICAN REVOLUTN | 06-18-2019 | 06-26-2019 |
| ALF | C | RHU EARTH SCIENCE ACE COURSE | 06-18-2019 | 06-26-2019 |
| ALP | C | RHU ANIMAL ANATOMY 2:CLASSIFY | 05-21-2019 | 06-04-2019 |
| ALP | C | RHU ANIMAL ANATOMY 1:CHEMICAL | 05-21-2019 | 06-04-2019 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 02-25-2019 |
| CARE2 | STABLE, CHRONIC CARE | 09-07-2022 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-RCVRD | COVID-19 RECOVERED | 12-29-2020 |
| HGT RESTR | NO LADDERS/NO UPPER BUNK | 09-05-2023 |
| LOWER BUNK | LOWER BUNK REQUIRED | 09-07-2022 |
| NO PAPER | NO PAPER MEDICAL RECORD | 02-27-2019 |
| OTHER | OTHER MEDICAL RESTRICTION | 09-07-2022 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 09-05-2023 |
| SOFT SHOES | SOFT SHOES ONLY | 09-05-2023 |
| YES F/S | CLEARED FOR FOOD SERVICE | 09-07-2022 |

## Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 01-29-2019 |
| NR WAIT | NRES DRUG TMT WAITING | 11-28-2023 |

## FRP Payment Plan

**Most Recent Payment Plan**

**FRP Assignment:**    COMPLT    FINANC RESP-COMPLETED    **Start: 12-06-2023**

**Inmate Decision:**    AGREED    $25.00    Frequency:  QUARTERLY
Payments past 6 months:    $0.00    Obligation Balance: ($175.00)

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | ($175.00) | IMMEDIATE | COMPLETEDN |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

## FRP Deposits

Trust Fund Deposits - Past 6 months:  $ N/A    Payments commensurate ?    N/A

New Payment Plan:    ** No data **

## Current FSA Assignments



**Individualized Needs Plan - Program Review    (Inmate Copy)**     SEQUENCE: 01962497
Dept. of Justice / Federal Bureau of Prisons                          Team Date: 01-07-2025
Plan is for inmate: STILLWELL, CARL DAVID  30983-057

| Assignment | Description | Start |
|---|---|---|
| AWARD | EBRR INCENTIVE AWARD | 09-21-2023 |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 12-01-2019 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 01-08-2025 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 01-08-2025 |
| N-COGNTV N | NEED - COGNITIONS NO | 01-08-2025 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-31-2021 |
| N-EDUC N | NEED - EDUCATION NO | 01-08-2025 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 01-08-2025 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 01-08-2025 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 01-08-2025 |
| N-MEDICL Y | NEED - MEDICAL YES | 01-08-2025 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 01-08-2025 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 01-08-2025 |
| N-TRAUMA N | NEED - TRAUMA NO | 01-08-2025 |
| N-WORK Y | NEED - WORK YES | 01-08-2025 |
| R-MIN | MINIMUM RISK RECIDIVISM LEVEL | 01-08-2025 |

**Progress since last review**

Stillwell arrived to LSCI Butner on December 18, 2024, as a transfer from FCI I Butner. He is currently A&O Pending. There is no other progress to report.

**Next Program Review Goals**

Upon completion of A&O Stillwell is encouraged to obtain an institutional work assignment. He is encouraged to enroll in at least two EBRR programs in his need areas minimum by his next review date of July 2025.

**Long Term Goals**

Stillwell is encouraged to save money toward his pre-release funds thru 08-2031.
Stillwell is encouraged to communicate with his family and friends through telephone calls, letter writing and/or visitation if possible.

**RRC/HC Placement**

No.
Management decision - will review 17-19 months from PRD .

**Comments**

** No notes entered **



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: STILLWELL, CARL DAVID  30983-057

SEQUENCE: 01962497
Team Date: 01-07-2025

Name:  STILLWELL, CARL DAVID
Register No.:  30983-057
Age:  57
Date of Birth:  10-23-1967

DNA Status:  NYM04271 / 08-11-2015

Inmate    (STILLWELL, CARL DAVID. Register No.: 30983-057)

Date

Unit Manager / Chairperson

Case Manager

Date

Date

# Exhibit

# E



**NEW VISION**
MINISTRIES

661 Clarks Creek Road
Lincolnton, NC 28092

October 9, 2024

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Abrams,

My name is Dennis L. Schlossman and I am an Elder and Trustee at New Vision Ministries which is located in Lincolnton, North Carolina. I have known Andrea Stillwell who is a member of our church for several years.

While I do not know her husband, I am aware that her husband, Carl David Stillwell, is incarcerated at the federal prison in Butner, North Carolina. When released, Mr. Stillwell would be welcomed at our church where we would provide a positive environment which would benefit him as he reintegrates after incarceration. Our church has a very strong prison ministry program that has helped many of those incarcerated to turn their lives around, accept Jesus, repent, and take responsibility for their actions.

Our Pastor, Scott Mann, is the Chaplain at the Lincoln County Prison and we have both male and female teams that go into the prison weekly. We also have a team of men that brings those prisoners that are allowed to church service each Sunday. We provide an atmosphere of caring and love to these men. Some who have been incarcerated attend our church and have become members.

Thank you for your consideration.

Respectfully Submitted

Dennis L. Schlossman
Elder/Trustee

August 27, 2024

To all concerned parties,

My name is William Rudder. My background professionally is in medical, as a Registered Nurse in North Carolina for 26 years, and Registered Radiologic Technologist for 38 years. I have practiced nursing in several different settings, medical/surgical and correctional nursing for the State of North Carolina as a lead nurse supervisor. I have also practiced in the area of behavioral health as well.

I have known David Stillwell since about 2003. I have spent considerable time with David and have come to know him very well. It would serve very little for me to address his legal issues here, however, I do believe David not to be as the courts have judged. There is little doubt that a compassionate release would be appropriate in David's case. His health has taken a sharp decline since his incarceration, which has caused great despair with his family and wife. Now, from reports it is apparent David is experiencing a severe cranial vascular anomaly that requires particular care. My experience with the state prison system is that the care is substandard. Inmates should receive care equal to that of the general population, as incarceration is their punishment alone. Inmates have no choice in their medical care. I seriously doubt that care rendered in the correctional setting will equal that of non-correctional venues. The state prison system during my tenure was overwhelmed, certainly the population has increased in the last four years. The federal system likewise has seen an increase in inmate population. Inmates that I treated who had been back and forth between the state and federal system fared no better than those housed in either alone.

Should a medical or compassionate release be granted, David has a support system, both family and friends, to include myself. I see David as no risk to re-offend in any manner. He has a dedicated and devoted wife, and many who love him. David poses no risk to the population in any regard. The man I knew was a good and giving person, never to harm or speak badly of anyone.

David has paid a high price for legal issues. As stated earlier, his health has declined sharply, and should be well documented. His health has been addressed before the court several times previously. Thus, his payment has not only been by time served, but also health decline that no doubt has impact on his residual life expectancy and quality of life.

I stand in favor of David's release, to obtain needed medical care and with the hope of extended quality of life. Risk to society at large is absent, and he has a support network of family and friends who will monitor and assist him in attaining the best quality of life he has remaining. We all agree to abide by and follow any requirements set forth by the court.

Respectfully submitted to the court,

William Rudder

Commission Expiring: 5-16-29
Date as of Signing: 8-27-24

JACOB L HODGES
NOTARY PUBLIC
ASHE COUNTY, NC

Clerk of The Court
United States District Court

Dear Honorable Judge:

I am writing to you on behalf of Mr. Carl David Stillwell in reference to his motion for compassionate release and/or reduction in sentence. I write this letter from the perspective of a Life Coach at USP Terre Haute in the Life Connections Program.

As I interact through conversations with Mr. Stillwell it is apparent that he is remorseful. He takes accountability for his actions and strives daily to find ways to correct his past faulty thinking patterns. He has participated in and completed multiple programs while in the FBOP. I am sure he will make the Court aware of these accomplishments.

One aspect of maturity in Mr. Stillwell is that he diligently strives to make the quality of life better for not only himself, but those around him. He is observant and finds ways to help those who are struggling. He worked as my classroom assistant in the 7 classes I teach. Mr. Stillwell showed empathy towards his fellow peers and would strive to mentor them and assist them in their LCP experience. Mr. Stillwell provided support, quality input, and enabled structure in my classroom, making it easier for me to focus on teaching.

One of the courses he completed is Victim Impact. He has explained to us that this course helps you to understand the impact your crime had on the victim, on both families, and on the community. Mr. Stillwell works daily to make life better for others and to improve his own life as well. He has done quality work in all jobs held while incarcerated in the FBOP.

For the above reasons, I ask the Court to reconsider the sentence given to Mr. Stillwell and reduce his sentence and/or release him on his motion.

Respectfully submitted,

Stacy Birk
Life Coach
Life Connections Program
1531 S. Brown Avenue
Terre Haute, IN 47803
Stbirk83@gmail.com

30Dec2024

Honorable Judge Abrams,

I am the brother of Carl David Stillwell and live in Maiden, North Carolina.  I am writing this letter in support of his compassionate release motion.

Before David was arrested, he visited often and we would talk about what was going on with each of us.  Since he has been in prison, we have not communicated because it hasn't really been feasible.  However, when he is released I will fully support him in his efforts to reintegrate into the community.  Family support is important in this process.  Even though we have not spoken, I love my brother and will help in any way I can.

His wife, Andrea Stillwell, has kept me informed about his incarceration and what he has been going through.  I will be part of his support system when he is released.

Respectfully Submitted,

Doug Stillwell

25Jan2025

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Judge Abrams,

I am writing in support of the compassionate release motion for my husband, Carl David Stillwell.  His medical condition has deteriorated significantly since his re-sentencing in the fall of 2022.  Should he be released to home confinement he would be able to receive immediate medical treatment from the specialists that can address his multiple medical conditions.  There are numerous medical centers with appropriate specialists near me in Charlotte, NC and Durham, NC.  I will be able to care for him as I work from home and can take him to is medical appointments.   I have insurance coverage that will be available to him when he is released.

In addition, I am also a member of a local church that will welcome Mr. Stillwell and support him as he reintegrates into society.  A letter from this church has been included as an exhibit in this motion.

Once his medical issues are treated, it is expected he will be able to get a job if required for home confinement.

I have written several letters over the years expressing my concern for my husband's health issues and the ability of the BOP to address and treat them.   I feel his current medical situation is beyond the expertise of the BOP medical staff and they have not been providing appropriate standard of care.

Thank you for your time in this matter.

Respectfully Submitted,

Andrea Stillwell

# Exhibit

# F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,
Plaintiff,

v.                                              Case No.13CR521
CARL DAVID STILLWELL,
Defendant.

---

AFFIDAVIT OF CARL DAVID STILLWELL IN

SUPPORT OF COMPASSIONATE RELEASE

---

I  Carl David Stillwell, being duly sworn, depose and state under penalty of perjury pursuant to

28 U.S.C. § 1746 as follows:


1. I submit this affidavit in support of my motion for compassionate release due to my serious

and deteriorating medical conditions, which cannot be adequately treated within the Federal

Bureau of Prisons (BOP) system, specifically at FCC Butner.


2. On June 6, 2024, I suffered a fall and was transported to Duke Regional Emergency

Department for evaluation. A CT scan was performed to rule out a stroke or transient ischemic

attack.The imaging revealed a brain aneurysm, requiring immediate medical attention.


3. The Bureau of Prisons was informed that I required evaluation by a neurosurgeon. However, I

was not made aware of the severity of this condition until I had my first neurosurgery appointment in July 2024.

4. On July 30, 2024, I was seen at Duke Neuroscience Center, where the doctor confirmed the aneurysm and explained the available treatment options, emphasizing the urgency of medical intervention. During this visit, the doctor also ordered X-rays of my head and neck as part of the evaluation.

5. The neurosurgeon recommended a digital subtraction angiography and additional imaging to further assess my condition.

6. In addition to the aneurysm, the X-rays performed on July 30, 2024, during my neurosurgery consultation revealed spinal and cervical stenosis, requiring further evaluation.

7. To further assess the severity of my condition, a cervical spine MRI was performed on September 12, 2024, in preparation for an additional neurosurgery consultation.

8. In October 2024, I had a consultation at Duke Neuroscience Center specifically for my spinal and cervical stenosis. During this consultation, the specialists confirmed that my condition required surgical intervention. However, they also advised that due to my leg condition and the brain aneurysm, spinal surgery could not proceed until the aneurysm was treated.

9. On September 2, 2024, and September 3, 2024, I sought medical attention at FCC Butner for a

softball-sized blister, swelling in my calf, and nausea and vomiting. I was prescribed Bactrim antibiotics for suspected cellulitis.

10. Due to the absence of doctors or physician assistants on weekends and holidays at FCC Butner, I was only able to see a paramedic, delaying critical medical care.

11. Throughout September, October, November, and ongoing to the present, I required frequent wound dressing changes, sometimes daily, but at minimum three times per week. The dressing changes at the previous housing unit were consistent, however, after I was moved I began seeing new medical staff in mid December and the dressing changes became inconsistent, leading to recurrent infections.

12. A dermatology consultation was requested in October 2024, but I was informed that it could take up to five months before I could be seen.

13. On October 21, 2024, I had an appointment scheduled at Duke Neuroscience Center for an angiogram. However, the neurosurgeon at Duke canceled this procedure due to my ongoing leg infection

14. The Bureau of Prisons subsequently canceled my rescheduled angiogram appointment because of the recurring leg blistering and ongoing infections. The BOP physician's assistant unilaterally determined that I should not proceed with treatment for my life-threatening aneurysm until my dermatology visit and leg wound issues were fully resolved.

15. Due to these delays, I have been left untreated for both my aneurysm and spinal stenosis, both of which pose serious risks to my health, mobility, and overall survival.

16. I have a history of chronic kidney disease, which was diagnosed several years ago. However, since my incarceration, I have only been provided video consultations with a nephrologist while housed at USP Terre Haute.

17. I was previously prescribed Lisinopril for blood pressure management, but my medication was switched to Losartan, causing my blood pressure to increase by 20 to 30 points. The reason for the switch was that Lisinopril may cause gout, but I have not had gout issues for years due to my prescribed Allopurinol. My elevated blood pressure is a significant concern given my brain aneurysm, yet my records were not properly reviewed before making this medication change.

18. I also suffer from glaucoma and diabetic retinopathy. While I am provided eye drops for glaucoma, I have not received laser treatments for my diabetic retinopathy since 2022.

19. In December 2024, I was moved to new housing at FCC Butner, which resulted in further disruptions to my medical care.

20. I have had to put in a sick call request when the blisters reoccur and this has lead to gaps, up to 14 days between restarting of the bandaging.

21. I currently have open wounds and must constantly request medical attention to receive any

care. My aneurysm and spinal stenosis remain untreated, and I am still waiting for a dermatology consultation before the BOP will reschedule my angiogram.

22. If granted compassionate release, my wife, Andrea Stillwell, has the ability to provide me with private health insurance, ensuring that I can receive the appropriate and necessary medical care in the free world.

23. The ongoing delays, cancellations, and inadequate care within the Bureau of Prisons put my life at serious risk. Without proper and timely treatment, my aneurysm could rupture, my spinal stenosis could lead to permanent paralysis, and my kidney disease could worsen without nephrology oversight.

24. Given my multiple severe medical conditions, the Bureau of Prisons' inability to provide adequate care, and the life-threatening nature of my ailments, I respectfully request that this Court grant my motion for compassionate release

I swear under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: March ___, 2025

Carl David Stillwell

Defendant, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CASE # 13:CR-521-RA |
| Plaintiff | § | |
| V. | § | |
| CARL DAVID STILLWELL, | § | |
| Defendant. | § | |

## MOTION TO SEAL MEDICAL RECORDS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

COMES NOW, the Defendant, Carl David Stillwell, filing Pro se and respectfully
moves this Honorable Court for an Order allowing the sealing of medical records
submitted in connection with his motion for compassionate release, in support of
this motion, the Defendant shows the Court the following:

I.                          BACKGROUND

Defendant, Carl David Stillwell, is filing a motion for compassionate release
pursuant to 18 U.S.C. § 3582 (c)(1) (A).

As part of this, he will submit medical records and related exhibits to
demonstrate his eligibility for compassionate release based on serious medical
conditions. The exhibits contain highly sensitive and personal medical

U.S. POSTAGE PAID
FCM LG ENV
VALE, NC 28168
MAR 29, 2025
$13.86
R2305K141804-0

10007

Retail

RDC 99

CERTIFIED MAIL

7022 0410 0002 5971 6787

Carl David Stillwell / 30983057
FC...
F...
P.O. Box 999
Butner, NC 27509

USM 4LD
SDNY

Clerk of the Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007